**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

FATHIREE ALI,

    Plaintiff,

v.                                                                   No. 18-13193

JOHANNA BETTS, P.C., BARBARA STOREY,
HEIDI E. WASHINGTON, and
MICHIGAN DEPARTMENT OF CORRECTIONS, et. al.,

    Defendants.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT IN PART AND
TRANSFERRING CASE TO THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Plaintiff Fathiree Ali, incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff asserts a variety of constitutional and state law claims against Defendants arising out of the conditions of his incarceration at either the Muskegon Correctional Facility or the Oaks Correctional Facility. For the reasons stated below, the court summarily dismisses the complaint against Defendant Michigan Department of Corrections. The court will transfer the remainder of the complaint to the United States District Court for the Western District of Michigan for further proceedings.

**I. BACKGROUND**

Plaintiff is currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan (Dkt. #1, PageID 2), located in the Western District of Michigan. During the events described in his complaint, Plaintiff was incarcerated at the Muskegon

Correctional Facility in Muskegon, Michigan and the Oaks Correctional Facilitate Manistee, Michigan. (Dkt. #1, PageID 2.) Both of these facilities are also located in the Western District of Michigan. The three named Defendants, Johanna Betts, Barbara Storey, and Heidi Washington, all work at various locations in the Western District of Michigan. Plaintiff also sues the Michigan Department of Corrections ("MDOC").

## II. STANDARD

Plaintiff has been allowed to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a). When a plaintiff is authorized to proceed in forma pauperis, the court must dismiss the complaint if the action is frivolous, malicious, fails to state a claim, or seeks monetary recovery from a party immune to such relief. 28 U.S.C. § 1915(e)(2)(B). "A complaint 'is frivolous where it lacks an arguable basis either in law or in fact.'" *Moore v. Trump*, No. 17-2192, 2018 U.S. App. LEXIS 18713, at *2 (6th Cir. July 9, 2018) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

## III. DISCUSSION

Plaintiff's constitutional claims against Defendant MDOC fail as a matter of law and must be dismissed. Defendant MDOC is not a "person" subject to suit under 42 U.S.C. § 1983, and thus the Eleventh Amendment bars Plaintiff's action against it. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) ("We have consistently held that neither MDOC nor the parole board is a 'person' that may be sued for money damages under § 1983"); *see also Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *Rodgers v. Michigan Dept. of Corrections,* 29 F. App'x. 259, 260 (6th Cir. 2002). Accordingly, the court will dismiss Plaintiff's constitutional claims against Defendant MDOC.

The remaining will be transferred to the United States District Court for the Western District of Michigan because venue is not proper in this district. Venue is not proper because Plaintiff has not alleged that any acts, events, or omissions forming the basis of his lawsuit took place in this district. *See Miles v. WTMX Radio,* 15 F. App'x. 213, 215 (6th Cir. 2001). For the convenience of parties and witnesses, and in the interest of justice, a district court may *sua sponte* transfer any civil action to another district where the action might have been brought. *See Schultz v. Ary,* 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001); *United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805–06 (E.D. Mich. 2000); 28 U.S.C. § 1404(a).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

The Court concludes that for both the convenience of the parties and witnesses, and in the interests of justice, the present matter must be transferred to the Western District of Michigan. The primary factor in making this determination is that all of the "operative facts" in this case took place in the Western District of Michigan. Additionally, all named defendants reside in the Western District. *See O'Neill v. Battisti*, 472 F. 2d 789, 791 (6th Cir.1972) (holding that public officials "reside" in the county where they

perform their official duties). Finally, the witnesses and files necessary to prosecute these claims are located in the Western District of Michigan and the burden of transporting Plaintiff to this judicial district would be significant. For these reasons, transfer of this action to the Western District of Michigan is proper.

## IV. CONCLUSION

The court concludes that venue in this action lies in the Western District of Michigan, where Plaintiff alleges that the actions giving rise to this complaint occurred. Accordingly, this matter will be transferred to that district for further proceedings.

s/Robert H. Cleland            /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: October 24, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 24, 2018, by electronic and/or ordinary mail.

s/Lisa Wagner                  /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\HEB\Civil\18-13193.ALI.partial.dismissal.HEB.docx